FILED
MAY - 7 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ted Alvin Klaudt, )
)
      Plaintiff, )
)
v. ) Civil Action No. 18-850 (UNA)
)
State of South Dakota *et al.*, )
)
      Defendants. )

MEMORANDUM OPINION

Plaintiff is a South Dakota state prisoner appearing *pro se*. He has submitted an application to proceed *in forma pauperis* and a document captioned "Motion to Establish Citizenship and Grant Declaratory Judgment," construed as a complaint. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that, among other enumerated grounds, is frivolous.

Plaintiff is serving a 44-year prison sentence as a result of his convictions by a South Dakota jury on four counts of second-degree rape. Compl. ¶ 2. Plaintiff has sued the State of South Dakota, Office of the Governor, and the South Dakota Attorney General's Office for declaratory relief. Although plaintiff's allegations are difficult to follow, he appears to seek recognition of his alleged declaration of "Expatriation/Repatriation." Plaintiff wants it understood, however, that he has "only given up [his] U.S. Citizenship NOT [his] American Citizenship," Compl. at 4 (capitalization in original), which is a distinction lost on the Court. "There are 'two sources of citizenship, and two only: birth [in the United States] and naturalization.'" *Miller v. Albright*, 523 U.S. 420, 423 (1998) (quoting *United States v. Wong*

1

*Kim Ark*, 169 U.S. 649, 702 (1898)). And a person born in the United States "needs no naturalization." *Id.* at 424. In any event, the gravamen of the complaint is yet another challenge to plaintiff's convictions. *See Klaudt v. Jackley*, No. 3:15-cv-03012-KES, 2015 WL 7458597, at *1 (D.S.D. Nov. 24, 2015), *aff'd* (Feb. 25, 2016) (dismissing as third successive habeas petition Klaudt's pleading titled "Motion for Declaratory Judgment").

Plaintiff alleges that based on his "extensive amount of research," he has "come to realize that the U.S. was nothing more than a Corporation, which has been re-incorporated several times over." Compl. at 2. That, in turn, "created the U.S. Corp. citizen, in various ways[,]" which "is what bound [plaintiff] to the Corp. Codes/Courts/Laws/ and Jurisdiction" of South Dakota. Compl. at 2. Plaintiff posits (1) that such is "totally unconstitutional unless Congress created means to opt out of the Corp. Citizenship status," and (2) that the Expatriation Act of 1868 provides the "means [for] one to opt out of the Corp. Citizenship status." *Id.* Thus, in February or March 2010, plaintiff allegedly served his "Declaration of Expatriation/Repatriation" upon President Barack Obama, which plaintiff posits was deemed "accepted" after "the 20 day time period had expire[d] for Mr. Obama to accept or deny." *Id.* at 3. Thereafter, plaintiff allegedly served "A Declaration of Non-Juristic Status; and Formal and Constructive Notice" upon Chief Justice John G. Roberts, Jr., as well as upon South Dakota Chief Justice David Gilbertson, then-Governor Mike Rounds, and then-U.S. Internal Revenue Service Commissioner Douglas Shalman. *Id.* at 4. Plaintiff contends that those steps "complete his Expatriation from the Corp Citizenship and Repatriated his American citizenship back to a Constitutional Citizen." *Id.* at 5. Plaintiff concludes: "It is therefore now the time and place for this Court to grant Petitioner's Declaratory Judgment and Order the State of South Dakota to release the Petitioner of all restraints of his liberty, by the use of the U.S. Marshall [sic] Service, as requested herein." *Id.*

A complaint that lacks "an arguable basis either in law or in fact" may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Brandon v. D.C. Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) (frivolous dismissal appropriate when "there is indisputably absent any factual and legal basis for the asserted wrong"). Moreover, a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff's "corporate citizenship" premise is simply nonsensical, as are the ensuing allegations. Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

                                                       /s/
                                            United States District Judge

Date: May 7, 2018